*United States v. Yang*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## AMENDED SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of July, two thousand twenty-one.

PRESENT:    JOHN M. WALKER, JR.,
            PIERRE N. LEVAL,
            DENNY CHIN,
                    *Circuit Judges*,

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


UNITED STATES OF AMERICA,
                    *Appellee*,


            -v-                                         19-734


PAI YANG,
                    *Defendant-Appellant.*


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


FOR APPELLEE:                       TIMOTHY V. CAPOZZI, Assistant United
                                    States Attorney (Jonathan Rebold and Danielle
                                    R. Sassoon, Assistant United States Attorneys,
                                    *on the brief*), *for* Audrey Strauss, United States

Attorney for the Southern District of New
York, New York, New York.

FOR DEFENDANT-APPELLANT:        DANIEL S. NOOTER, Washington, D.C.

Appeal from the United States District Court for the Southern District of
New York (Wood, *J.*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED,
ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Pai Yang appeals the district court's judgment
entered March 11, 2019, following his guilty plea, convicting him of money laundering
in violation of 18 U.S.C. § 1956(a)(3)(A).  The district court sentenced Yang principally to
70 months' imprisonment.  On appeal, Yang argues that the district court erred in
accepting his guilty plea because the magistrate judge erred in advising him on the
elements of the crime and the plea was not supported by a factual basis.  He also
contends that his trial attorney provided ineffective assistance of counsel.  We assume
the parties' familiarity with the underlying facts, procedural history of the case, and
issues on appeal.

We review the district court's acceptance of a guilty plea for plain error
where, as here, the defendant did not raise any Rule 11 objections before the district
court.  *See United States v. Rodriguez*, 725 F.3d 271, 276 (2d Cir. 2013); *United States v.
Torrellas*, 455 F.3d 96, 103 (2d Cir. 2006).  To establish plain error, Yang must

demonstrate that "(1) there was error, (2) the error was plain, (3) the error prejudicially affected his substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *United States v. Pattee*, 820 F.3d 496, 505 (2d Cir. 2016) (internal quotation marks omitted) (quoting *United States v. Youngs*, 687 F.3d 56, 59 (2d Cir. 2012)). In the context of a Rule 11 challenge, a defendant's substantial rights are affected only where there exists a "reasonable probability that, but for the error, he would not have entered the plea." *United States v. Vaval*, 404 F.3d 144, 151 (2d Cir. 2005) (internal quotation marks omitted) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)). The defendant must satisfy the plain-error test. *See Greer v. United States*, 141 S. Ct. 2090, 2100 (2021) (applying plain-error test to review an error in defendants' plea colloquies).

We affirm. First, although the magistrate judge did make an error in the plea allocution, Yang's substantial rights were not affected. In describing the third element of the crime, the magistrate judge stated:

> THE COURT: Do you understand that in order to establish your guilt at trial, the government would have to prove the following elements beyond a reasonable doubt:
>
> . . . .
>
> Third, that you intended to promote the carrying on of the specified unlawful activity, that you *intended to conceal or disguise the nature, location, source, ownership or the control of property believed to be the proceeds of a specified unlawful activity.*

App'x at 31-32 (emphasis added).  The highlighted language was not necessary, as Yang

was charged specifically with laundering narcotics proceeds with "the intent to promote

the carrying on of that specified unlawful activity," and not with concealing property.

App'x at 14.  The additional language was of no moment, however, as the magistrate

judge correctly instructed Yang that the government had to prove intent to promote the

carrying on of the unlawful activity.  *See United States v. Moore*, 703 F.3d 562, 570-71

(D.C. Cir. 2012) (affirming conviction, despite district court's error in allocution, on basis

that there was no substantial prejudice).  Yang has not shown a reasonable probability

that, but for the errant addition of the concealment language, he would not have

pleaded guilty.  *See Torrellas*, 455 F.3d at 105; *see also United States v. Lloyd*, 901 F.3d 111,

122 (2d Cir. 2018); *Rodriguez*, 725 F.3d at 276.  Indeed, he received significant benefits

from pleading guilty, including acceptance of responsibility credit, dismissal of the

conspiracy charge, and a limiting of the loss amount.

Second, Yang's contention that the record lacked a sufficient factual basis

as to his intent to promote narcotics activity also fails.  As noted above, a conviction for

promotional money laundering under 18 U.S.C. § 1956(a)(3)(A) requires more than an

intent to simply "conceal or disguise" the proceeds of the specified unlawful activity.

*Cf.* 18 U.S.C. § 1956(a)(3)(B).  Instead, it requires "evidence that the receipt and deposit

of laundered funds was made with the intent to *promote* the specified underlying

unlawful activity, be it, for example, by promoting continued illegal activity or by being

4

essential to the completion of the scheme." *See United States v. Thorn*, 317 F.3d 107, 133 (2d Cir. 2003) (emphasis added). While we acknowledge that, during his plea colloquy, Yang stated only that he intended to "conceal" funds that were represented to be proceeds of narcotics transactions, *see* App'x 39-40, the record as a whole provides an adequate factual basis for his plea.

Yang admitted to laundering more than $250,000 of what he believed to be drug proceeds.[1] Yang's contributions to the operation -- multiple transfers of proceeds to place them beyond government reach -- were essential to the success and continuation of what he believed to be a narcotics scheme. *See United States v. Piervinanzi*, 23 F.3d 670, 679 (2d Cir. 1994) (where defendant's actions were integral to illegal scheme's success, defendant did "promote" underlying conduct). Moreover, in making a factual-basis determination, we are "not limited to considering statements available at the time of the change of plea." *Lloyd*, 901 F.3d at 123-24. Nor are we required "to rely solely on the defendant's own admissions." *United States v. Maher*, 108 F.3d 1513, 1524 (2d Cir. 1997) (permitting reliance on the government's factual proffers

---

[1]    It is of no significance that the money Yang laundered was provided to him as part of a government sting operation, such that Yang was not "in fact" promoting narcotics activity. The statute prohibits transactions involving property "represented to be" the proceeds of specified unlawful activity. 18 U.S.C. § 1956(a)(3) (defining "represented" to include representations "made by a law enforcement officer"). We have held that a government sting qualifies for a conviction under 18 U.S.C. § 1956(a)(3) when the record shows that the defendant believed the funds were proceeds of an unlawful activity and acted with the requisite intent. *See United States v. Nektalov*, 461 F.3d 309, 314 (2d Cir. 2006).

and the presence report, when available).  Accordingly, we may consider the government's proffer at sentencing that Yang "held himself out as someone who had contact to international narcotics, kilo weight traffickers, and offered to the agents if they needed assistance having drugs moved, he could put them in touch with his contacts throughout the world."  App'x 67-68.  Neither Yang nor his attorney disputed these factual allegations, which support the reasonable inference that Yang intended to "promote," not merely "conceal," what he believed to be the distribution of narcotics.  As Yang acknowledged at his sentencing, money laundering "[n]ot only . . . helps criminals to legitimatize illegal proceeds, . . . it also helps furtherance of crime."  App'x 63.

Third, as to Yang's ineffective assistance claim, because the record in this respect is not fully developed, we decline to hear the claim, leaving it to Yang to raise the issue as part of a subsequent motion for relief pursuant to 28 U.S.C. § 2255.  *See United States v. DeLaura*, 858 F.3d 738, 743 (2d Cir. 2017); accord *United States v. Oladimeji*, 463 F.3d 152, 154 (2d Cir. 2006) (where facts necessary for resolution of the claim do not appear in the record, "our usual practice is not to consider the claim on the direct appeal, but to leave it to the defendant to raise the claims on a petition for habeas corpus under 28 U.S.C. § 2255").

\*   \*   \*

We have considered Yang's remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
